[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR CONTEMPT (#318)
On July 6, 1999, the court heard evidence on the plaintiff Lisa Barbieri's motion to find the defendant Dennis Guaglianone in contempt for his failure to pay child support. Under the existing orders issued by the court, the defendant is required to pay child support in the amount of $300 per week. The evidence establishes that the defendant was terminated from his employment in February 1999. Thereafter, the defendant stopped paying child support and the court finds that through the week of April 10, 1999, the defendant missed 18 payments creating an arrearage of $5,400. The defendant began receiving unemployment compensation in early April 1999 in the amount of $300 per week, but continued to make no child support payments even after receiving this unemployment compensation. According to the defendant, he did not make any support payments after receiving the unemployment compensation because of other financial commitments.
The court finds that the defendant failed to comply with the court's child support order and that this failure was wilful and contemptuous. Although the defendant's loss of employment created a substantial change of his financial circumstances adversely affecting his ability to make regularly the weekly child support payments, the defendant admits that he made no payments whatsoever even after he began receiving unemployment compensation in April. With the stream of income from the unemployment compensation, the court finds that the defendant was capable of making at least some of the support payments and the court finds that his total and complete disregard of the court's order contemptuous.
The court finds an arrearage of $5,400. As a sanction, the court orders that this arrearage be paid in full even though the court has granted the defendant's motion to modify the child support; the order granting the motion to modify shall not be applied retroactively.
So ordered July 13, 1999.
Stevens, J. CT Page 9230